ant's very limited resources, help in making them possible on a year-'round basis.

R. S. 9:2–4 states, in part, that the parents "shall be equally charged with [the] care, nurture, education and welfare, * * *" of their children. The present rental is stated to be $54 per month for a two-room-and-kitchen apartment in a modest neighborhood in Newark. We feel that under all the circumstances here prevailing the plaintiff father shall pay one-half the rental of the defendant's apartment for all the months when the child is away at school, September through May. This is in addition to the award of $38 a week support for the son when he is home from school.

Costs are awarded appellant. The cause is remanded for the entry of an order not inconsistent with this opinion.

BETTY HIGGINS AND JOHN HIGGINS, PLAINTIFFS-APPELLANTS, v. SYLVIA POLK AND ROBERT C. POLK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1953—Decided June 30, 1953.

Before Judges STEIN, PROCTOR and CONLON.

*Mr. Hugh C. Spernow* argued the cause for plaintiffs-appellants.

*Mr. George F. Losche* argued the cause for defendants-respondents (*Mr. Charles C. Shenier*, attorney).

PER CURIAM. This is an appeal from a judgment entered upon a jury verdict in favor of the defendants in an action to recover for damages as the result of an intersectional automobile collision.

The only point involved is the trial judge's refusal to permit the testimony of a witness, called by the plaintiffs, to be read to the jury after they had retired.

A police officer testified in behalf of the plaintiffs that he arrived at the scene of the collision shortly after it occurred. He described the position of the cars as of the time of his arrival. Some time after the jury retired to deliberate, their foreman sent to the judge a note which contained this question: "How many feet west (*sic*) curb of Boulevard did Polk car first impact the Higgins car—according to Police Officer's testimony?" On the return of the jury to the court the judge informed them that they would have to use their own recollection. The foreman then asked if the officer gave "any direct evidence that would spell that out." The judge replied he did not recall any. Plaintiffs' attorney asked to have the testimony of the police officer read. The court refused, saying that the jury must rely on their own recollection of the testimony. The judge also explained to the jury that when he said he did not recall the testimony, he did not mean to

imply there was no such testimony, but that he simply meant he had no recollection.

In *State v. Close*, 106 *N. J. L.* 321 (*E. & A.* 1929), a case involving first degree murder, in relation to a similar request by the jury, the court stated at *page* 334:

"The matter of reading any portion of the testimony given in a case appears to be a matter of discretion in the trial court. * * * Reading by the court to the jury of the testimony of one or more witnesses gives to that testimony of those witnesses an undue prominence over the other testimony which is not so read * * *. The jury were certainly obliged to rely upon their best recollection as to what that testimony was, as well as to all the other testimony which was before them in the cause."

Compare *State v. Sgro*, 108 *N. J. L.* 528 (*E. & A.* 1932); *State v. Dragone*, 1 *N. J. Misc.* 84 (*Sup. Ct.* 1923).

In the present case we find that the trial judge did not abuse his discretion in refusing to have the testimony of the police officer read to the jury after they had retired. Moreover, an examination of the record discloses there was nothing in the police officer's testimony to show at what point in the intersection the collision occurred.

Judgment affirmed.